UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN L. ARGAY, WILLIAM J. BONENERG,
PAUL K. DAMMERS, GARY P. DENAULT,
ROGER A. DOOLEY, WILLIAM A. FLEMING,
RICHARD J. HANDZEL, GERALD D. LINDSEY,
WILLIAM LOBKO, KAREN S. MAXWELL,
JOHN S. McCOY, ROBERT T. MEARON,
DAVID R. NORTON, JAMES R. PATERSON,
THEODORE W. PYTEL, LAWRENCE D. RIORDEN,
WILLIAM B. SPENCER and JEFFREY A. STEGER,

        Plaintiffs,

  -vs-

NATIONAL GRID USA SERVICE COMPANY, INC.,

        Defendant.

04-CV-0246E(F)

MEMORANDUM

and

ORDER[1]

---

Plaintiffs commenced this action on April 4, 2004 seeking injunctive and monetary relief regarding the unilateral termination, reduction or amendment of an employee benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 *et seq*. The undersigned issued a Scheduling Order on July 13, 2004 that set July 29, 2005 as the discovery deadline. Pursuant to plaintiffs' request, the undersigned, on July 6, 2005, extended the discovery deadline to September 2, 2005. Plaintiffs, on August 9, 2005, moved to amend their Complaint and, on August 16, 2005, moved to compel

---

[1] This decision may be cited in whole or in any part.

discovery and for an extension of time to complete discovery. Defendant opposes both motions. The parties appeared before the Court on August 26, 2005 to argue plaintiffs' motions, at which time the undersigned ordered plaintiffs to move to add Niagara Mohawk Power Corp. ("Niagara Mohawk") and stayed the discovery deadline and dispute pending the resolution of the other motions. On September 1, 2005 defendant moved, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure ("FRCvP"), to dismiss the claims of John S. McCoy and, on September 2, 2005, plaintiffs moved to add new parties and amend their Complaint. For the reasons set forth below, plaintiffs' motion to add parties and amend their Complaint will be granted, plaintiffs' motion to extend and compel discovery will be denied in part without prejudice and granted in part and defendant's motion will be denied without prejudice.

Generally, permission to amend a complaint should be freely granted. *See Foman* v. *Davis*, 371 U.S. 178, 182 (1962). "[S]uch leave[, however,] will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile." *Leonelli* v. *Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989). The Court has discretion "to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell* v. *Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Such discretion is used in instances

where discovery has been completed and summary judgment motions have been filed or where almost two years have passed since the commencement of the case. *See Dowcraft Corp.* v. *Smith*, 2004 U.S. Dist. LEXIS 5018, at *3 n.4 (W.D.N.Y. 2004) (collecting cases).

At the time this action was commenced, plaintiffs included eighteen current and former employees of defendant National Grid USA Service Company, Inc. ("National Grid"). In their August 9 and September 2 motions to add parties, plaintiffs sought to add a nineteenth plaintiff — Roman Szul — pursuant to FRCvP 19 or, in the alternative, FRCvP 20(a). In their Reply Affirmation filed on October 12, 2005, however, plaintiffs, in addition to Szul, seek to add eight more plaintiffs who want to join the action, but do not list their names. Plaintiffs claim that Szul and the additional eight nameless potential plaintiffs are necessary parties because they will be affected by the outcome of this action.

Plaintiffs also seek to add Niagara Mohawk as a necessary party pursuant to FRCvP 19. Plaintiffs contend that they initially commenced this action solely against National Grid because National Grid was the named Plan Administrator of the Plan. Plaintiffs claim that documents they received from Prudential Insurance Company of America pursuant to discovery demands informed them that Niagara Mohawk was allegedly involved in the termination or amendment of the Plan in violation or breach of the Plan. As such, plaintiffs maintain that

Niagara Mohawk is a necessary party to this action without whose joinder plaintiffs would be substantially prejudiced in their ability to successfully prosecute their claims and, if not joined, plaintiffs will commence a separate action against Niagara Mohawk. Furthermore, as Niagara Mohawk is a subsidiary of National Grid, plaintiffs assert that Niagara Mohawk is aware of and familiar with this action and thus not substantially burdened by the joinder.

In opposition, defendant claims that plaintiffs' decision to add Niagara Mohawk is not based on new evidence and that plaintiffs do not provide a reason for the late addition of Szul; instead, plaintiffs want to add Szul and Niagara Mohawk as a tactic to delay discovery, postpone resolution of this matter and prejudice defendant. Defendant claims that amending at this point would cause undue delay and prejudice defendant because an extension of the discovery deadline would be required without a satisfactory explanation for such. Plaintiffs moved to add Niagara Mohawk and Szul sixteen months after filing their Complaint and, although clearly Niagara Mohawk should have been included as a defendant in the first instance, its tardy addition would not substantively prejudice defendant as Niagara Mohawk is a subsidiary of defendant and was the employer whose Plan is at issue here. Furthermore, as to postponing the completion of discovery and the resolution of this case, such will not be substantial and it is in plaintiffs' best interest to resolve this matter sooner rather

than later.  The Court, therefore, does not see any clear bad faith on the part of plaintiffs.[2]

In their Complaint, plaintiffs claim that defendant made a "unilateral decision to reduce each Plaintiff's life insurance coverage." (Pls.' Compl. ¶46.)  It thus appears that plaintiffs initially believed that only National Grid was involved in the alleged violation and/or breach of the Plan and now has discovered that Niagara Mohawk was allegedly also involved.  This explanation is sufficient given the lack of bad faith and lack of significant prejudice to defendant.  Finally, FRCvP 19(a) requires the court to order the joinder of a party in whose "absence complete relief cannot be accorded among those already parties ***."  In this instance, Niagara Mohawk is such a party as plaintiffs' employer involved in the alleged violation or breach of the Plan.  Plaintiffs, therefore, will be granted leave to add Niagara Mohawk.

The addition of Szul will not prejudice defendant or significantly affect discovery as depositions of plaintiffs in ERISA cases are very limited and the addition of more plaintiffs does not alter the claims, issues or arguments. Moreover, the additional plaintiffs' claims arise out of the same occurrence and share issues of law and fact and thus qualify as permissive joinders under FRCvP

---

[2]The Court does, however, warn plaintiffs' counsel that such oversight should not have occurred.

20(a). Plaintiffs, therefore, will be granted leave to add Szul as an additional plaintiff and will be given a week to provide the Court, defendant and Niagara Mohawk with the names and addresses of the additional eight potential plaintiffs. If plaintiffs are able to do so, the additional plaintiffs will be allowed to join the action. If plaintiffs fail to do so, they will be precluded from adding the additional eight unnamed plaintiffs and any other plaintiffs they may seek to add in the future.

Finally, plaintiffs seek to add four new causes of action — claims nine through twelve — in their proposed Amended Complaint. Defendant objects claiming that the new causes of action would cause undue delay and prejudice at this point in the litigation and would be futile. Plaintiffs allege that the four new causes of action are based on the new evidence they have recently discovered. In particular, plaintiffs allege that, when commencing this action, they thought that their only claim is that they were paying too much for their insurance. Now, however, they contend that their excess contributions were being used for unintended and illegitimate purposes. Thus, plaintiffs, in their ninth, tenth and eleventh causes of action, assert that defendant and Niagara Mohawk failed to maintain and administer the Plan's assets and used the Plan's assets for their own benefit and, in their twelfth cause of action, seek recovery of each plaintiff's contribution. The Court, similar to its findings above, does not find

that plaintiffs acted in bad faith and that defendant will be significantly prejudiced by allowing the addition of the four proposed causes of action. In light of the fact that discovery will be delayed as a result of adding Niagara Mohawk, the additional claims will not further delay resolution of the case.

Defendant claims that the ninth, tenth and eleventh causes of action are essentially for breach of fiduciary duties, which have not been recognized under ERISA, and the twelfth cause of action does not apply to the type of plan at issue here. To resolve this dispute, the Court must make findings of fact and thoroughly analyze the law. Such is more appropriate pursuant to a motion to dismiss rather than in opposition to a motion to amend the complaint. Plaintiffs' proposed causes of action, therefore, are not futile and plaintiffs will be granted leave to add their ninth, tenth, eleventh and twelfth causes of action.

Finally, defendant has moved to dismiss plaintiff John S. McCoy's claims with prejudice because he has failed to appear for his deposition. Plaintiffs claim that McCoy's failure to appear has not prejudiced defendant. Given that the amendments to the Complaint will require an extension of the discovery deadline, defendant will have additional time to depose McCoy and, if McCoy again fails to appear, defendant can refile its motion.

Accordingly, it is hereby **ORDERED** that plaintiffs' motion to add new parties and to amend their Complaint is granted, that plaintiffs shall provide the

Court, defendant and Niagara Mohawk with the names and addresses of each additional plaintiff by Friday, December 16, 2005, that plaintiffs shall file their Amended Complaint by Friday, December 16, 2005, that defendant's motion to dismiss is denied without prejudice, that plaintiffs' motion to extend and compel discovery is denied in part without prejudice and granted in part, and that the parties shall appear before the Court on Tuesday, December 20, 2005 at 3:00 p.m. for a Rule 16(b) Scheduling Conference, which can be done by telephone if the parties pre-arrange such by phoning Judge Elfvin's Courtroom Deputy Jeanne Schuler at (716) 551-4215 by Monday, December 19, 2005 advising her as to who will initiate the conference call.

DATED:   Buffalo, N.Y.

　　　　　December 8, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ John T. Elfvin
　　　　　　　　　　　　　　　　　　　　　　　　　JOHN T. ELFVIN
　　　　　　　　　　　　　　　　　　　　　　　　　S.U.S.D.J.